**Clevern A. GRANGER, Plaintiff–Appellant**

v.

**Eric BLANDFORD, Sheriff Deputy at Jefferson Parish; Carol Kiff, Commissioner, Jefferson Parish 24th Judicial District Court; Churita Hansell,**

Assistant District Attorney at Jefferson Parish 24th; Paul D. Connick, Jr., District Attorney at Jefferson Parish; Tracy Sheppard, Public Defender Attorney (District) at 24th Judicial District Public Defender Office; Richard Tompson, Public Defender Attorney Supervisor (District) at 24th Judicial District Public Defender Office; Rafael F. Salcedo, Ph.D., Sanity Commission Member at 24th Judicial District Court Parish of Jefferson; Richard Richoux, Medical Doctor, Sanity Commission Member at 24th Judicial District Court Parish of Jefferson; Edward Elvir, Sheriff Deputy at Jefferson Parish Correctional Center; Newell Normand, Sheriff at Jefferson Parish; John Molaison, Jr., Judge, Division E at 24th Judicial District Court Parish of Jefferson, Defendants–Appellees.

**No. 12–30556**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 15, 2013.

Clevern A. Granger, Jackson, LA, pro se.

Daniel R. Martiny, Martiny & Associates, Metairie, LA, for Defendant–Appellee.

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM: *

Proceeding *pro se* and *in forma pauperis,* Clevern A. Granger, Louisiana prisoner

---

* Pursuant to 5TH CIR R. 47.5, the court has

determined that this opinion should not be

\# 587600, pursued this action under 42 U.S.C. § 1983 against various defendants, claiming civil-rights violations in connection with his arrest in Jefferson Parish, Louisiana, and the subsequent state-court criminal proceedings. Adopting the magistrate judge's report and recommendation, the district court dismissed Granger's complaint as frivolous for: failing to state a claim upon which relief may be granted; and/or seeking monetary damages against a defendant immune from such relief.

Contesting that dismissal, Granger contends only that the *sua sponte* dismissal, to the extent it was based on immunity, was erroneous because defendants bore the burden of proving their entitlement to an immunity defense. Granger's contention fails, however, as district courts must *sua sponte* dismiss a prisoner's *in forma pauperis* complaint "at any time if the court determines that ... the action ... seeks monetary relief against a defendant who is immune from such relief". 28 U.S.C. § 1915(e)(2)(B)(iii).

The remainder of Granger's brief consists of legal boilerplate and identifies no error in the district court's dismissing his complaint for failing to state a claim upon which relief may be granted. Although *pro se* briefs are liberally construed, *pro se* litigants must brief contentions in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993). Failure to identify any error in the district court's failure-to-state-a-claim analysis is the same as if Granger had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987). Accordingly, his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

This dismissal, plus the district court's dismissing under § 1915(e), count as two

strikes under § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Granger is warned that a third strike under § 1915(g) will render him unable to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury". 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.